ENGLISH LUMBER COMPANY v. WACHOVIA BANK AND TRUST COMPANY.

(Filed 2 June, 1920.)

**Evidence—Mutually Running Accounts.**

> Where, under an agreement with its depositor as to a line of credit to be extended him, there are almost daily transactions of loans, credits, substituted notes including demand notes on the depositor's collateral, which line of credit was agreed upon from time to time and kept exhausted, the mutual items being so interlocked as to make them practically inseparable, *Held*, such transactions constitute an open mutual running account for the period of time covered by them.
>
> See S.c. *ante*, 211.

PETITION of defendant to rehear.

*R. S. McCall, Pless & Winborne, and Murray Allen for plaintiff.*
*Bourne & Parker for defendant.*

We have reëxamined this case with care, and see no sufficient reason for changing the former judgment of the Court.

It is not a case of disconnected transactions between a bank and its customer, but one of a mutual running account, based on one agreement for a line of credit, and where both parties kept one account showing debits and credits.

The judge finds: "That there were almost daily transactions in the nature of loans or credits allowed by the bank, taken up by substituted notes, substituted demand notes on customers' paper, all collateral, and on discounted customers' paper, all covered by the agreement as to the line of credit, which line of credit agreed upon from time to time was kept exhausted by the plaintiff, transactions being of practically daily frequence, each party keeping the whole of the accounts, the mutual items being so interlocked as to make them practically inseparable. So that it was, and was assumed to be, an open mutual running account

from 1 March, 1909, to the close of the transactions; the final settlement and payments being on 4 November, 1914."

This order and the interpretation of the former opinion are approved by the Court. Petition denied.

21 May, 1920.                                    HOKE and ALLEN, JJ.